RECEIVED
USDC, WESTERN DISTRICT OF
TONY R. MOORE, CLERK
DATE 6/26/15
BY YT

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| MARC JACQUES (#75560-024) | DOCKET NO. 15-CV-1216; SEC. P |
| VERSUS | JUDGE DRELL |
| U.S. SENTENCING COMMISSION | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Before the Court is the *pro se* complaint of Plaintiff Marc Jacques, filed pursuant to Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics[1]. Plaintiff's motion to proceed *in forma pauperis* was granted on June 24, 2015. [Doc. #12] Plaintiff is incarcerated at the United States Penitentiary in Pollock, Louisiana. Plaintiff claims that his sentence and confinement are unlawful. He seeks a sentence reduction and monetary damages.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Statement of the Case*

Petitioner was convicted in the United States District Court for the Southern District of Florida of possession with intent to distribute five or more grams of cocaine, and was sentenced, as career offender, to life in prison. His conviction and sentence

---

[1] In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C.A. § 1983.

were affirmed on appeal. See U.S. v. Jacques, 266 Fed.Appx. 824 (11th Cir. 2008), rehearing denied, 284 Fed.Appx. 804 (11th Cir. 2008), cert. denied, 555 U.S. 1088 (2009). His §2255 motion was denied. [Case #2:09-cv-14418, S.D.Fla.] His attempts at second or successive §2255 motions have been dismissed. [Case #2:13-cv-14249, S.D.Fla.] His request to file a second or successive §2255 claim has also been denied by the Eleventh Circuit Court of Appeals. [Case: 13-10860, 11th Cir.]

Here, Plaintiff claims that the U.S. Sentencing Commission has violated his rights by not making various changes in sentencing laws retroactive.

*Law and Analysis*

**1. Habeas Relief**

In this Bivens case, Plaintiff seeks a speedier release from custody and monetary damages. To the extent that plaintiff complains that he is unlawfully imprisoned or that his sentence should be reduced, he is raising claims which challenge the validity of his criminal proceedings. See Calderon v. Ashmus, 523 U.S. 740, 747 (1998) ("[A]ny claim by a prisoner attacking the validity or duration of his confinement must be brought under the habeas sections of Title 28 of the United States Code."); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (holding that when an inmate challenges the very fact or duration of his confinement and the relief he seeks is immediate or speedier release, "his sole federal

remedy is a writ of habeas corpus"). Plaintiff cannot obtain a speedier release through Bivens, nor is a Bivens claim the proper avenue for contesting the length of his sentence. Thus, his claim presented in this case seeking an adjustment of his sentence is frivolous.

2. **Monetary Damages**

Likewise, Plaintiff's claim for damages related to his life sentence also fails. The Supreme Court of the United States has determined that in order to recover damages for allegedly unconstitutional or unlawful imprisonment, a civil rights plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983. Id.

Thus, if a prisoner seeks damages for unconstitutional imprisonment and he has not satisfied the favorable termination requirement of Heck, he is barred from any recovery and fails to state a claim upon which relief may be granted. See Randell v. Johnson, 227 F.3d 300, 301 (5th Cir. 2000). It is clear that Plaintiff's conviction or sentence has **not** been reversed, expunged,

or declared invalid, as he is requesting such relief in this case. Thus, Plaintiff's claim for money damages is barred under <u>Heck v. Humphrey</u>.

### *Conclusion*

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous and failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. §1915(e)(2)(B) and §1915A.

Further, **IT IS ORDERED** that Plaintiff's motion for a copy of his complaint [Doc. #7] is **GRANTED**. The clerk is instructed to mail Plaintiff a copy of his complaint [Doc. #1] with this Report and Recommendation.

### *Objections*

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.**

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 26th day of June, 2015.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE